COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-271-CR

 

 

SEAN KRESSE                                                                                  APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

In
six points, Appellant Sean Kresse complains that the trial court erred by
admitting inadmissible hearsay testimony and by including an erroneous
instruction on voluntary intoxication in its punishment charge to the
jury.  We reverse and remand to the trial
court for a new punishment trial. 

II. 
Factual and Procedural History








In
September 2007, Kresse and Lorena Sandoval were dating and living
together.  After work on September 14,
Kresse drank a few beers at his place of employment and then walked to a friend=s
house, where he drank some more.  Kresse
then went home and strangled Lorena to death. 
On May 12, 2009, Kresse pleaded guilty to Lorena=s
murder and requested that a jury assess punishment.  The jury assessed punishment at fifty years=
confinement, and the trial court sentenced Kresse accordingly.  This appeal followed.

III. 
Voluntary Intoxication Instruction

In
Kresse=s
third and fourth points, he asserts that the trial court erred by including a
voluntary intoxication instruction in the jury charge and that this error
resulted in some harm to him.  Over
Kresse=s
objection, the trial court sua sponte instructed the jury that A[v]oluntary
intoxication does not constitute a defense to the commission of a crime,@ and
it included penal code section 8.04=s
definition of intoxication in its punishment charge to the jury.[2]
Immediately following the voluntary intoxication instruction and the definition
of Aintoxication,@ the
jury charge read:  AIt
now becomes your duty under the law to determine the punishment which should be
assessed against this defendant.@ In
his fifth and sixth points, Kresse argues that this instruction constituted an
impermissible comment on the weight of the evidence and that this resulted in
harm to his right to a fair trial.








A.  Standard of Review

Appellate
review of error in a jury charge involves a two-step process. Abdnor v.
State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); see also Sakil v.
State, 287 S.W.3d 23, 25B26
(Tex. Crim. App. 2009).  Initially, we
must determine whether error occurred. 
If so, we must then evaluate whether sufficient harm resulted from the
error to require reversal.  Abdnor,
871 S.W.2d at 731B32.  Error in the charge, if timely objected to in
the trial court, requires reversal if the error was Acalculated
to injure the rights of [the] defendant,@
which means no more than that there must be some harm to the accused
from the error.  Tex. Code Crim. Proc.
Ann. art. 36.19 (Vernon 2006); Abdnor, 871 S.W.2d at 731B32; Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g); see
also Barrios v. State, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (AA
claim of jury-charge error is reviewed using the procedure set out in Almanza.@).  In other words, a properly preserved error
will require reversal as long as the error is not harmless.  Almanza, 686 S.W.2d at 171. In making
this determination, Athe actual degree of harm
must be assayed in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument
of counsel and any other relevant information revealed by the record of the
trial as a whole.@  Id.; see also Ovalle v. State,
13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

B.  Analysis








The
State concedes that the inclusion of the voluntary intoxication instruction
during the punishment stage of the trial was erroneous because, if applicable,
it is to be given during the guilt-innocence stage of trial, not
punishment.  See Taylor v. State,
885 S.W.2d 154, 156 (Tex. Crim. App. 1994); see also Sakil, 287 S.W.3d
at 26 n.6.  However, it argues that no
harm occurred because 

the
jury would not have relied on the instruction. 
The instruction, by its clear language, applies to a defense
rather than a mitigating factor in punishment. 
Since [Kresse] pleaded guilty and judicially confessed to the offense,
the instruction had no bearing on the jury=s function to assess punishment.  Further, neither the State nor [Kresse]
argued in closing that [Kresse=s] voluntary
intoxication should play any role whatsoever in assessing punishment.  The result of the erroneous instruction here
was no different than the result of an erroneous Section 8.04 instruction in
the guilt/innocence phase of trial. . . . 
[T]he Section 8.04 instruction in this case was superfluous, innocuous,
and resulted in no harm to [Kresse].

 








The
State attempts to bolster its argument by referring us to Olivarez v. State,
Nos. 05-04-00862-CR, 05-04-00863-CR, 2005 WL 1163973 (Tex. App.CDallas
May 18, 2005, pet. ref=d) (not designated for
publication), and Ross v. State, 133 S.W.3d 618 (Tex. Crim. App.
2004).  However, both are
distinguishable:[3]  Olivarez concerned an unobjected-to
voluntary intoxication instruction given during the guilt-innocence stage of
trial, not during the punishment phase.  See
2005 WL 1163973, at *3.  And Ross
involved an erroneous instruction on parole, which the court noted was
corrected by Ross=s counsel during closing
argument.  See 133 S.W.3d at 623B24
(concluding that there was not a reasonable likelihood that the good conduct
time language in the parole charge misled the jury into believing that a
life-sentenced appellant would be released from prison in less than forty
years).

Kresse
responds that the testimony during his trial was replete with evidence of the
history of his intoxication, its effect on his actions, and his intoxication at
the time of the murder, and that the State emphasized his inebriation in both
its opening statement and its closing argument. 
Specifically, he points out that the State opened by stating that A[t]he
recurring theme you=re going to hear is that
Lorena did not like it when Sean drank because he became a different
person.  He became angry.  He became combative,@ and
closed with accusing Kresse of being an Aalcohol-fueled
ticking time bomb@ who Agets
angry [and] wants to fight.@  Therefore, Kresse argues that the inclusion
of the voluntary intoxication instruction in the punishment charge drew
attention to one area of evidence and enhanced the State=s
argument for punishment.








Turning
to the Almanza factors, we first observe that the negative reference to
intoxication in the charge is the only factual evidentiary matter in the entire
charge.  Thus, the intoxication
instruction, in its proximate location to the trial court=s
instruction to the jury to determine punishment, was likely to draw the jury=s
attention to Kresse=s history of drinking prior
to the murder. Further, Kresse=s
history of drinking was introduced repeatedly throughout the trial and
emphasized by the State during its opening statement and closing argument.  Bearing in mind that we are required to
reverse if we determine the presence of Aany
harm, regardless of degree, which results from a preserved charging error,@ we
hold that the instruction incorrectly emphasized a portion of the State=s
case and drew particular attention to one aspect of it.  See Arline v. State, 721 S.W.2d 348, 351
(Tex. Crim. App. 1986) (ACases involving preserved
charging error will be affirmed only if no harm has occurred.@).
Accordingly, we sustain Kresse=s
third and fourth points.[4]

IV. 
Hearsay

In
Kresse=s
first two points, he complains that the trial court abused its discretion by
admitting Lorena=s friend Ruth Zavala=s
testimony containing inadmissible hearsay in violation of rule of evidence 802
and that this decision adversely affected his right to a fair trial.  Although Kresse=s
third and fourth issues are dispositive, we address Kresse=s
complaint here in the interest of judicial economy because this is a challenge
likely to be raised in Kresse=s
new punishment trial.  See Davis v.
State, 144 S.W.3d 192, 201 (Tex. App.CFort
Worth 2004, pet. ref=d).








During
the punishment trial, Kresse objected that portions of Ruth Zavala=s
testimony constituted hearsay, and the trial court held a hearing outside the
jury=s
presence to determine the testimony=s
admissibility.[5]  The trial court overruled Kresse=s
objection and allowed Zavala to testify about events Lorena had told her about.

AHearsay@ is
a statement, other than one made by the declarant while testifying at the trial
or hearing, offered in evidence to prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  We observe that the State=s
argument at trial that Zavala=s
testimony falls under the hearsay exception found in rule 804(a)(4)Cthat
is, that the declarant is unavailableCis
misguided.  Rule 804(a)(4) states that a
declarant is Aunavailable@ if
she is unable to be present or to testify at the hearing because of death.  Tex. R. Evid. 804(a)(4).  This is not a hearsay exception.  Rule 804(a) only provides guidance as to who
is an Aunavailable
witness.@  Id. 
It is Rule 804(b) that sets out the exceptions applicable to testimony
by a declarant who is unavailable as a witnessCthese
exceptions are:  (1) former testimony,
(2) dying declarations, and (3) statements of personal or family history.  See Tex. R. Evid. 804(b)(1)B(3).  None of these exceptions apply here.[6]  Thus, the statements are not admissible under
rule 804.

V. 
Conclusion 








Having
sustained Kresse=s dispositive issues, we
reverse the trial court=s judgment, and we remand
this case for a new trial on punishment.

 

 

BOB MCCOY

JUSTICE

 

PANEL:
LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
April 22, 2010











[1]See Tex. R. App. P.
47.4.





[2]Section 8.04 defines
intoxication as a Adisturbance of mental
or physical capacity resulting from the introduction of any substance into the
body.@  Tex. Penal Code Ann. ' 8.04(d) (Vernon
2003).





[3]Neither the State nor
Kresse directs us to a case concerning an erroneous inclusion of an 8.04(a)
instruction at punishment, and this court has not found one.





[4]Because we sustain
Kresse=s third and fourth
points, we need not address his fifth and sixth points with regard to whether
the trial court improperly commented on the weight of the evidence by including
the voluntary intoxication instruction in the punishment charge.  See Tex. R. App. P. 47.1.





[5]Kresse also objected
to Zavala=s testimony based on
the Confrontation Clause, but he does not raise that as a point in this appeal.





[6]Because of our
disposition of this case, and because the State relied primarily on rule
804(a)(4) and did not fully articulate any other bases for admissibility at
trial, we will not address whether these statements are admissible under any
other exceptions.  See Tex. R.
App. P. 47.1.