

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-271-CR

SEAN KRESSE                                                           APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In six points, Appellant Sean Kresse complains that the trial court erred by admitting inadmissible hearsay testimony and by including an erroneous instruction on voluntary intoxication in its punishment charge to the jury. We reverse and remand to the trial court for a new punishment trial.

## II. Factual and Procedural History

---

[1] *See* Tex. R. App. P. 47.4.

In September 2007, Kresse and Lorena Sandoval were dating and living together. After work on September 14, Kresse drank a few beers at his place of employment and then walked to a friend's house, where he drank some more. Kresse then went home and strangled Lorena to death. On May 12, 2009, Kresse pleaded guilty to Lorena's murder and requested that a jury assess punishment. The jury assessed punishment at fifty years' confinement, and the trial court sentenced Kresse accordingly. This appeal followed.

### III. Voluntary Intoxication Instruction

In Kresse's third and fourth points, he asserts that the trial court erred by including a voluntary intoxication instruction in the jury charge and that this error resulted in some harm to him. Over Kresse's objection, the trial court sua sponte instructed the jury that "[v]oluntary intoxication does not constitute a defense to the commission of a crime," and it included penal code section 8.04's definition of intoxication in its punishment charge to the jury.[2] Immediately following the voluntary intoxication instruction and the definition of "intoxication," the jury charge read: "It now becomes your duty under the law to determine the punishment which should be assessed against this defendant." In his fifth and sixth points, Kresse argues that this instruction constituted an impermissible comment on the weight of the evidence and that this resulted in harm to his right to a fair trial.

---

[2] Section 8.04 defines intoxication as a "disturbance of mental or physical capacity resulting from the introduction of any substance into the body." Tex. Penal Code Ann. § 8.04(d) (Vernon 2003).

2

## A. Standard of Review

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we must determine whether error occurred. If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731–32. Error in the charge, if timely objected to in the trial court, requires reversal if the error was "calculated to injure the rights of [the] defendant," which means no more than that there must be *some* harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); *Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) ("A claim of jury-charge error is reviewed using the procedure set out in *Almanza*."). In other words, a properly preserved error will require reversal as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171. In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*; *see also Ovalle v. State*, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

## B. Analysis

The State concedes that the inclusion of the voluntary intoxication instruction during the punishment stage of the trial was erroneous because, if applicable, it is to be given during the guilt-innocence stage of trial, not punishment. *See Taylor v. State*, 885 S.W.2d 154, 156 (Tex. Crim. App. 1994); *see also Sakil*, 287 S.W.3d at 26 n.6. However, it argues that no harm occurred because

> the jury would not have relied on the instruction. The instruction, by its clear language, applies to a *defense* rather than a mitigating factor in punishment. Since [Kresse] pleaded guilty and judicially confessed to the offense, the instruction had no bearing on the jury's function to assess punishment. Further, neither the State nor [Kresse] argued in closing that [Kresse's] voluntary intoxication should play any role whatsoever in assessing punishment. The result of the erroneous instruction here was no different than the result of an erroneous Section 8.04 instruction in the guilt/innocence phase of trial. . . . [T]he Section 8.04 instruction in this case was superfluous, innocuous, and resulted in no harm to [Kresse].

The State attempts to bolster its argument by referring us to *Olivarez v. State*, Nos. 05-04-00862-CR, 05-04-00863-CR, 2005 WL 1163973 (Tex. App.—Dallas May 18, 2005, pet. ref'd) (not designated for publication), and *Ross v. State*, 133 S.W.3d 618 (Tex. Crim. App. 2004). However, both are distinguishable:[3] *Olivarez* concerned an unobjected-to voluntary intoxication instruction given during the guilt-innocence stage of trial, not during the punishment phase. *See* 2005 WL 1163973, at *3. And *Ross* involved an erroneous instruction on parole, which the court noted was corrected by Ross's counsel during closing argument. *See* 133 S.W.3d at

---

[3] ... Neither the State nor Kresse directs us to a case concerning an erroneous inclusion of an 8.04(a) instruction at punishment, and this court has not found one.

623–24 (concluding that there was not a reasonable likelihood that the good conduct time language in the parole charge misled the jury into believing that a life-sentenced appellant would be released from prison in less than forty years).

Kresse responds that the testimony during his trial was replete with evidence of the history of his intoxication, its effect on his actions, and his intoxication at the time of the murder, and that the State emphasized his inebriation in both its opening statement and its closing argument. Specifically, he points out that the State opened by stating that "[t]he recurring theme you're going to hear is that Lorena did not like it when Sean drank because he became a different person. He became angry. He became combative," and closed with accusing Kresse of being an "alcohol-fueled ticking time bomb" who "gets angry [and] wants to fight." Therefore, Kresse argues that the inclusion of the voluntary intoxication instruction in the punishment charge drew attention to one area of evidence and enhanced the State's argument for punishment.

Turning to the *Almanza* factors, we first observe that the negative reference to intoxication in the charge is the only factual evidentiary matter in the entire charge. Thus, the intoxication instruction, in its proximate location to the trial court's instruction to the jury to determine punishment, was likely to draw the jury's attention to Kresse's history of drinking prior to the murder. Further, Kresse's history of drinking was introduced repeatedly throughout the trial and emphasized by the State during its opening statement and closing argument. Bearing in mind that we are

required to reverse if we determine the presence of "*any* harm, regardless of degree, which results from a preserved charging error," we hold that the instruction incorrectly emphasized a portion of the State's case and drew particular attention to one aspect of it. *See Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986) ("Cases involving preserved charging error will be affirmed only if *no* harm has occurred."). Accordingly, we sustain Kresse's third and fourth points.[4]

## IV. Hearsay

In Kresse's first two points, he complains that the trial court abused its discretion by admitting Lorena's friend Ruth Zavala's testimony containing inadmissible hearsay in violation of rule of evidence 802 and that this decision adversely affected his right to a fair trial. Although Kresse's third and fourth issues are dispositive, we address Kresse's complaint here in the interest of judicial economy because this is a challenge likely to be raised in Kresse's new punishment trial. *See Davis v. State*, 144 S.W.3d 192, 201 (Tex. App.—Fort Worth 2004, pet. ref'd).

During the punishment trial, Kresse objected that portions of Ruth Zavala's testimony constituted hearsay, and the trial court held a hearing outside the jury's

---

[4]... Because we sustain Kresse's third and fourth points, we need not address his fifth and sixth points with regard to whether the trial court improperly commented on the weight of the evidence by including the voluntary intoxication instruction in the punishment charge. *See* Tex. R. App. P. 47.1.

6

presence to determine the testimony's admissibility.[5] The trial court overruled Kresse's objection and allowed Zavala to testify about events Lorena had told her about.

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). We observe that the State's argument at trial that Zavala's testimony falls under the hearsay exception found in rule 804(a)(4)—that is, that the declarant is unavailable—is misguided. Rule 804(a)(4) states that a declarant is "unavailable" if she is unable to be present or to testify at the hearing because of death. Tex. R. Evid. 804(a)(4). This is not a hearsay exception. Rule 804(a) only provides guidance as to who is an "unavailable witness." *Id.* It is Rule 804(b) that sets out the exceptions applicable to testimony by a declarant who is unavailable as a witness—these exceptions are: (1) former testimony, (2) dying declarations, and (3) statements of personal or family history. *See* Tex. R. Evid. 804(b)(1)–(3). None of these exceptions apply here.[6] Thus, the statements are not admissible under rule 804.

## V. Conclusion

---

[5] Kresse also objected to Zavala's testimony based on the Confrontation Clause, but he does not raise that as a point in this appeal.

[6] Because of our disposition of this case, and because the State relied primarily on rule 804(a)(4) and did not fully articulate any other bases for admissibility at trial, we will not address whether these statements are admissible under any other exceptions. *See* Tex. R. App. P. 47.1.

7

Having sustained Kresse's dispositive issues, we reverse the trial court's judgment, and we remand this case for a new trial on punishment.


BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 22, 2010