

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00353-CR

**WESLEY MARION HINDS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 08-00928-CRF-361

## MEMORANDUM OPINION

Wesley Marion Hinds appeals from his conviction for aggravated assault with a deadly weapon. TEX. PEN. CODE ANN. § 22.02 (West 2003). Hinds was sentenced by the trial court to forty years' imprisonment. Hinds complains that the trial court erred by refusing to include an instruction pursuant to article 38.23 of the Code of Criminal Procedure and that the evidence was both legally and factually insufficient to sustain his conviction. Because we find that he was not entitled to the instruction and the evidence was legally sufficient, we affirm the judgment of the trial court.

*Jury Charge Error*

In his first issue, Hinds complains that the trial court erred by refusing his request to include in the jury charge an instruction based on article 38.23 of the Code of Criminal Procedure.

*Standard of Review*

Our review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25-26 (Tex. Crim. App. 2009). Initially, we must determine whether error occurred. If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731-32.

*Preservation of Error*

Hinds objected to the lack of an instruction pursuant to article 38.23 at trial because he contended that there was a fact issue regarding the legality of the stop, which was whether Hinds was stopped because he was speeding or because another officer told the arresting officer to stop Hinds. On appeal, he complains that there was a factual dispute regarding whether Hinds was stopped for speeding or because another officer told him to, there was a dispute whether the officer was following the right vehicle prior to the stop, and there was a dispute regarding whether or not Hinds was actually speeding.

The State contends that Hinds has waived his complaints that were not made to the trial court. We disagree. Because Hinds is complaining of jury charge error, he can raise the failure to include the instruction for the first time on appeal even if no

objection was made; however, the harm analysis would be different for the reasons that were not raised before the trial court. It is true that a defendant who affirmatively states, "no objection," when evidence is offered forfeits his right to complain on appeal that the evidence was illegally obtained under article 38.23. However, a defendant may still request and receive a jury instruction under article 38.23 if the evidence raises a contested factual issue that is material to the lawfulness of obtaining the evidence and the failure to include the instruction may be raised on appeal in the same manner as any other unpreserved charge error. *Holmes v. State*, 248 S.W.3d 194, 196, 202 n.32 (Tex. Crim. App. 2008). Therefore, we will address Hinds's issue in its entirety.

*Article 38.23*

Article 38.23(a) of the Code of Criminal Procedure states:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). The Court of Criminal Appeals has held that the second sentence of article 38.23 requires a jury instruction only if there is a genuine dispute about a fact that is material to the admissibility of the challenged evidence. *See Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008); *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). Three foundation requirements must be established by a defendant to trigger the necessity for an article 38.23 instruction: (1)

the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence claimed to have been seized illegally. *See Oursbourn*, 259 S.W.3d at 177; *Madden*, 242 S.W.3d at 510.

This requires that the defendant offer evidence that, if credited, would create a reasonable doubt as to a specific factual matter essential to the admissibility of the challenged evidence. *See Oursbourn*, 259 S.W.3d at 177; *Madden*, 242 S.W.3d at 510. This factual dispute can be raised only by affirmative evidence, not by mere cross-examination questions or argument. *Oursbourn*, 259 S.W.3d at 177; *Madden*, 242 S.W.3d at 513 nn. 22-23. The jury is to decide only the disputed factual issue—for example, did the officer hold a gun to the defendant's head to extract a confession. *Oursbourn*, 259 S.W.3d at 177. If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. The legal question would never go to the jury. *Oursbourn*, 259 S.W.3d at 177-78.

Hinds presented no affirmative evidence relating to the illegality of the stop but merely attempted to show inconsistencies in the testimony between the officers and the arresting officer's inability to determine exactly what rate of speed Hinds was traveling at prior to the stop. We find that there was no affirmative evidence presented to create a factual issue regarding whether or not Hinds was speeding. The Court of Criminal Appeals stated in *Oursbourn* that in the earlier example regarding holding a gun to the defendant's head to extract a confession, a fact question would be created if there were

affirmative testimony that he did indeed hold a gun to the defendant's head, which would then become an issue for the jury to determine.

The testimony given by the officer who stopped Hinds was that he believed that Hinds was speeding and that he was not driving reasonably or prudently. Additionally, he had been told to stop the vehicle by another officer. Reasonable suspicion that an individual has committed a traffic offense is all that is required to justify a traffic stop. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). The officer testified that the truck Hinds was driving accelerated and the officer then pursued Hinds at a speed of approximately seventy miles per hour for approximately two miles until he caught up to him. The road was curvy and bumpy and it was dark outside. The speed limit was believed to be forty miles per hour on that stretch of road.

It is not necessary that the exact speed of a vehicle be established; rather it is a traffic violation to drive at a speed that is not reasonable or prudent given the circumstances. *See* TEX. TRANSP. CODE ANN. § 545.351(a) (West 1999). There was no disputed fact issue affirmatively raised by Hinds. Therefore, he was not entitled to the submission of the instruction and the trial court did not err by refusing to include it in the jury charge. Issue one is overruled.

*Legal Sufficiency*

Hinds complains in his second issue that the evidence was legally insufficient for the jury to have determined that he caused the cut on the victim's abdomen or face with a knife. The Court of Criminal Appeals has determined that there is now only one standard for determining the sufficiency of the evidence, which is the standard as set

forth in *Jackson v. Virginia*. *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 (Tex. Crim. App. Oct. 6, 2010) (plurality op.). In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). As fact-finders, it is the responsibility of the jury to determine the credibility and weight of the witnesses' testimony, as we are unable to observe the demeanor and credibility of the witnesses from a cold record. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). "After giving proper deference to the jury's fact-finding determinations, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element." *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

*The Facts*

Hinds was at the victim's house one night for a birthday party for a mutual friend, where a large group of people had gathered to play cards and drink. A fight broke out between a father and son, and the victim stepped in to break it up. When Hinds attempted to get involved, the victim yelled at everyone, including Hinds, to stay out of the situation, which made Hinds angry. Hinds made threats to the victim regarding cutting him or hurting him. Hinds pulled out a knife and held it to the victim's face. One witness stated that Hinds threatened to kill the victim while holding the knife to his face. A scuffle broke out between Hinds and the victim and they were separated by others at the party. A second witness said that Hinds was "swinging" and

"slashing" at the victim with the knife while the others were trying to separate them, although no one saw Hinds actually cut the victim.

Hinds left the party and the victim went inside where he realized that he had been cut on his face and stomach. According to the victim, the cut was from where Hinds held the knife to his face, although he did not remember Hinds holding a knife to his face. It was not until after the victim went inside that he realized that his face and stomach had been cut. Photographs of the victim's injuries were admitted into evidence. The victim treated his injuries himself and did not seek medical attention, although the stomach cut was painful and took some time to recover from.

Hinds returned to the party at least one other time and made more threats to the victim. At the time of the altercations, the victim was highly intoxicated and many of those at the party had been drinking. The victim admitted that his recollection was hazy due to his intoxication. There was some dispute as to what kind of knife Hinds brandished, but the witnesses generally stated that it was straight and not a folding knife. A knife was located under the seat in the vehicle Hinds was driving when he was apprehended; however, it was a switchblade. Hinds matched the description of the individual the witnesses stated had been involved in the altercation with the victim. There was no evidence of any other weapons being seen at the scene.

*Analysis*

Hinds contends that the evidence was legally insufficient for the jury to have found that the victim's injuries were caused by a knife that Hinds used. Rather, Hinds contends that the victim's injuries could have occurred during the scuffle between

them, during which Hinds suffered a cut across his nose. Further, he contends that the victim was involved in other altercations, including breaking up the father-son fight. Hinds contends that the jury's determination that Hinds cut the victim with a knife was mere speculation rather than based on rational inferences. We disagree.

Viewing the evidence in a light most favorable to the verdict and giving the jury's determinations of credibility appropriate deference, we find that the evidence as set forth above was legally sufficient for the jury to have found that the injuries were caused by the knife that Hinds held to the victim's face and swung around during the altercation as opposed to being caused some other way. We overrule issue two.

*Factual Sufficiency*

Hinds complains in his third issue that the evidence was factually insufficient for the jury to have found that he caused the victim's injuries with a knife. Because the Court of Criminal Appeals recently held that "the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient," we overrule Hinds's third issue. *Brooks v. State*, No. PD-210-09, 2010 Tex. Crim. App. LEXIS 1240, 2010 WL 3894613, at *14 (Tex. Crim. App. Oct. 6, 2010).

*Conclusion*

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed January 12, 2011
Do not publish
[CRPM]