

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0971-08

**ERIC SAKIL, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE EIGHTH COURT OF APPEALS
EL PASO COUNTY**

**MEYERS, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

Appellant, Eric Sakil, was charged with assault, enhanced under Penal Code

Section 22.01(b)(2).[1]  TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon 2003).  At trial, a

---

[1]Section 22.01(b) stated: "An offense under Subsection (a)(1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against . . . a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section." TEX. PENAL CODE ANN. § 22.01(b) (Vernon 2003).  In 2005, the legislature altered the language of this section.  The changes to Section 22.01(b)(2) apply to offenses committed on or after September 1, 2005.  Appellant's offense occurred on September 24, 2004.

psychiatrist testified to Appellant's present use of prescription medication and former abuse of drugs and alcohol. The psychiatrist described the behavioral effects of drugs Appellant had used. However, Appellant's wife, Claudia, told the 911 operator on the day of the incident that Appellant was not intoxicated. Nevertheless, the trial judge believed that the jury might link the evidence of Appellant's odd behavior on the date of the assault and his history of substance abuse with the psychiatrist's description of drug-induced symptoms. She therefore included an instruction in the jury charge stating that voluntary intoxication is not a defense. The jury found Appellant guilty, and the court assessed punishment at seven years' confinement. Appellant's first issue in the court of appeals asserted that the trial court erred by including the voluntary-intoxication instruction in the jury charge. The court of appeals resolved that issue in favor of Appellant and reversed the trial court's judgment. *Sakil v. State*, No. 08-05-00342-CR, 2008 Tex. App. LEXIS 4230 (Tex. App.–El Paso June 12, 2008, pet. granted). We will reverse the court of appeals.

## I.      Facts

On September 24, 2004, Claudia Sakil and Appellant engaged in a heated argument over the paternity of one of her children. Appellant alleged that one of the children was not his biological child. At one point during the fight, Claudia was able to lock Appellant out of the apartment. When Appellant forced the door open, breaking the

lock, part of the door hit Claudia in the face.[2] Claudia called 911 and reported that Appellant had injured her with the door to their apartment. Though she hinted at Appellant's previous drug use, Claudia told the 911 operator that Appellant was not intoxicated.

At trial, Claudia testified that Appellant behaved oddly during the fight. He was restless, was not being "himself," and he believed that he was being followed. Then, a psychiatrist testified to Appellant's history of polysubstance abuse and emphasized "a recorded history . . . that [Appellant] . . . abused drugs and intoxicants."[3] When asked to describe the effects of amphetamines, a substance that Appellant admitted to using at the age of eighteen, the psychiatrist listed hyperstimulation, paranoia, and hypervigilance.

Despite Claudia's statement to the 911 operator that Appellant was not intoxicated on the date of the offense, the judge believed that the jury might find otherwise by connecting Appellant's history of drug abuse, his strange behavior, and the physician's list of drug-induced symptoms. So, over defense counsel's objection, the trial judge included a voluntary-intoxication instruction in the jury charge, which stated:

---

[2]In 2003, Appellant was convicted of assault for injuring Claudia during a similar argument. At that time, Claudia was eight and a half months pregnant, and Appellant accused her of carrying another man's child. The conviction, cited in the indictment for the September 24, 2004 assault, enhanced the offense at issue in this case to a third-degree felony under Section 22.01(b)(2). TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon 2003).

[3]The physician named four drugs in Appellant's "lengthy" history of drug abuse, not including Appellant's current prescription medications.

> You are instructed that voluntary intoxication does not constitute a defense to the commission of the crime. By the term "intoxication" as used herein is meant disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

TEX. PENAL CODE ANN. § 8.04(a)&(d) (Vernon 2003). The jury found Appellant guilty of assault, enhanced with his previous conviction for assaulting a member of his family. TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon 2003). The trial court assessed punishment at seven years' confinement.

On appeal, Appellant argued two points. *Sakil*, 2008 Tex. App. LEXIS 4230, at *1. The first issue was whether the trial court erred in including the voluntary-intoxication instruction in the jury charge. *Id.* The court of appeals sustained this issue, deciding that "there was insufficient evidence for any fact finder to reach the conclusion that Appellant's psychotic behavior and resulting assault on his wife was [sic] caused by his voluntary intoxication." *Id.* at *7. As a result of this conclusion, the court of appeals reversed the trial court's judgment and remanded for further proceedings consistent with its opinion.[4] *Id.* at *14.

In response to the State's petition, we granted four grounds for review, all relating to the jury instruction on voluntary intoxication: (1) Does a trial court err by submitting a jury charge that voluntary intoxication is not a defense to prosecution when the evidence

---

[4]The second issue was whether the trial court erred in refusing to allow consideration of past mental problems in assessing the requisite *mens rea*. *Sakil*, 2008 Tex. App. LEXIS 4230, at *1. The court overruled that issue, as the trial court had "not prevented [Appellant] from presenting evidence of his mental condition." *Id.* at *11.

at trial does not affirmatively show that the defendant was intoxicated; (2) Did the court of appeals err by holding that there was no evidence from any source that might lead a jury to conclude that the defendant's intoxication somehow excused his actions; (3) Does a trial court's submission of a jury charge that voluntary intoxication is not a defense to prosecution "create a presumption that an intoxicated person has the requisite mental state, thus relieving the state of proving the elements of the offense"; and (4) Did the submission of an inapplicable, superfluous jury instruction cause some harm to Appellant.

## II. Standard of review

To review claims of jury charge error, an appellate court must first ask whether there was error in the charge. *Barrios v. State*, No. PD-0891-08, 2009 Tex. Crim. App. LEXIS 523, at *4 (Tex. Crim. App. April 29, 2009). If there was error and if the appellant objected to the error at trial, "reversal is required if the error is 'calculated to injure the rights of [the] defendant,'" meaning that "there must be *some* harm to the accused from the error."[5] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). If, however, the appellant did not object to the error at trial, the error must be "fundamental," and reversal is required "only if the error is so egregious and created such harm" that the defendant did not have a fair and impartial trial. *Id.*

## III. Analysis

The first issue is whether there was error in the jury charge. *Barrios*, 2009 Tex.

---

[5] "We have interpreted this to mean that any harm, regardless of degree, is sufficient to require reversal." *Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim. App. 2007).

Crim. App. LEXIS 523, at *4.  If there was no error, we need not pursue a harm analysis.

The instruction at issue, derived from Penal Code Section 8.04, states:

> You are instructed that voluntary intoxication does not constitute a defense to the commission of the crime.  By the term "intoxication" as used herein is meant disturbance of mental or physical capacity resulting from the introduction of any substance into the body.[6]

TEX. PENAL CODE ANN. § 8.04(a)&(d) (Vernon 2003).

Article 36.14 of the Code of Criminal Procedure requires a judge to deliver to the jury "a written charge distinctly setting forth the law applicable to the case."  CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007).  But what criteria qualify a statement of law as being "applicable to the case"?  Some information, such as the elements of the charged offense, must appear in the jury charge and is without question "the law applicable to the case."  43 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* § 36.11 (2d ed. 2001).  But a Section 8.04(a) instruction need not appear in every jury charge, and therefore, there is no *sua sponte* duty to instruct the jury on that issue, but the judge may do so, if the question of voluntary intoxication applies to the case.[7]  *See Delgado v. State*,

---

[6]Section 8.04 contains four subsections, (a) through (d).  The instruction here quotes Subsections (a) and (d).  Subsection (a) is directed to the guilt phase of trial.  *Taylor v. State*, 885 S.W.2d 154, 156 (Tex. Crim. App. 1994).  Subsections (b) and (c) address substance-induced temporary insanity as a mitigating factor during the punishment phase and as the subject of a jury charge.  TEX. PENAL CODE ANN. § 8.04(b)&(c) (Vernon 2003).  Subsections (b) and (c) are not at issue in this case.

[7]That is, as opposed to Section 8.04(c), which requires a jury charge when "temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was caused by intoxication."  TEX. PENAL CODE ANN. § 8.04(c) (Vernon 2003).  But, as we stated in *Taylor*, Subsection (c) sets forth "only *certain* circumstances in which a trial court must give an instruction," and does not "*preclude* the giving of an instruction if circumstances, different than

235 S.W.3d 244, 249 (Tex. Crim. App. 2007).

We have stated that a Section 8.04(a) instruction is appropriate if there is evidence from any source that might lead a jury to conclude that the defendant's intoxication somehow excused his actions.[8] *Taylor*, 885 S.W.2d at 158. The function of a jury charge is not "merely to avoid misleading or confusing the jury," but "to lead and to prevent confusion." *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996) (quoting *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977)).

As the trial judge observed, there was a clear possibility for juror confusion due to the testimony Appellant elicited from his own witness relating to Appellant's "lengthy" history of drug abuse:

| Defense counsel: | Now, do you have an opinion as to [Appellant's] medical condition? |
|---|---|
| Psychiatrist: | Yes, I do. |
| Defense counsel: | What is that? |
| Psychiatrist: | . . . there's a history of polysubstance abuse and dependency. Again, a recorded history in his records that he has abused drugs and intoxicants. |

Not only did defense counsel encourage the disclosure of Appellant's drug use, but he went so far as to suggest a link between the drug use and Appellant's symptoms on the date of the offense. Claudia had already testified, in response to defense counsel's questioning, that Appellant was "restless" on the date of the offense, and that Appellant

---

those outlined in [S]ubsection (c), otherwise raise an issue under either [S]ubsection (a) or (b)." *Taylor*, 885 S.W.2d at 156.

[8]Furthermore, a defendant need not rely upon intoxication as a defense in order for the charge to feature a Section 8.04(a) instruction. *Taylor*, 885 S.W.2d at 158.

believed "somebody was following him," that "somebody was after him." Then, during his direct examination of the psychiatrist, defense counsel asked if those symptoms could relate to drug use:

Defense counsel:     Would it be unusual for [Appellant] to be making reports of people following him or looking for him? Would that be usual for a person like him?

Psychiatrist:     Well, in his particular case, he has expressed those thoughts and problems.

Defense counsel:     Now, you mentioned how some of these problems can be brought about by drug abuse. Would that be the worsening of the problem, or would that be the beginning of the problem, or would the problem lead to drug abuse? Could you tell the Jury?

Psychiatrist:     Well, his history of drug abuse apparently is rather lengthy, so there's several ways you could look at this. I think from the very beginning the substance abuse has contributed to many of his problems . . . .

The psychiatrist's later testimony, in response to questioning from the State, increased the possibility that the jury would detect a cause-and-effect relationship between Appellant's drug use and behavior. He stated that Appellant's drug history included the abuse of amphetamines, marihuana, alcohol, and heroin; and he explained that a person abusing amphetamines becomes "hyperstimulated," "paranoid," and "hypervigilant."

The court of appeals concluded that there was "insufficient evidence for any fact finder to reach the conclusion that Appellant's psychotic behavior and resulting assault on his wife was [sic] caused by his intoxication." *Sakil*, 2008 Tex. App. LEXIS 4230, at *7. We disagree. The evidence did not establish unequivocally that Appellant was

intoxicated the day of the assault.[9]  But there was sufficient evidence from which a juror could conclude that intoxication somehow excused Appellant's actions.[10]  By instructing the jury that voluntary intoxication does not constitute a defense to assault, the trial judge properly utilized the charge's function to actively prevent confusion.  Therefore, the inclusion of the contested instruction did not constitute error.[11]

Finally, we note that we disagree with the court of appeals's assessment of voluntary-intoxication instructions in general.  The court stated that a Section 8.04(a) instruction "effectively creates a presumption that an intoxicated person has the requisite mental state," and thus relieves "the State of its burden of proving all elements of the offense beyond a reasonable doubt."  *Id*. at *9.  The court believed that the instruction "placed a burden on . . . Appellant to prove that he was not voluntarily intoxicated."  *Id*.  We do not understand this reading of a voluntary-intoxication instruction.  If anything, a voluntary-intoxication instruction acts to reaffirm the mental-state requirements, not

---

[9]Had Appellant not pursued testimony relating to his bizarre behavior the day of the offense and his extensive history of substance abuse, the following facts would support Appellant's position that "there was no evidence from which the jury could conclude Appellant was voluntarily intoxicated": (1) he had just been released from jail, so he did not have a significant amount of time to obtain drugs or alcohol, (2) Claudia reported to the 911 operator that Appellant was not intoxicated at the time of the offense, (3) Appellant stated that his amphetamine use occurred at the age of eighteen, and (4), he told the physician that he was not taking his medication for hallucinations at the time of the offense.

[10]We previously found a Section 8.04(a) instruction appropriate even when only "slight" evidence suggested that a defendant's actions were precipitated by drug use.  *Taylor*, 885 S.W.2d at 158.

[11]We need not assess whether Appellant was harmed.

delete them. "[E]vidence of [an] appellant's intoxication, if any, does not negate the elements of intent or knowledge"; and, therefore, when the evidence suggests that a defendant acted under the influence of a substance, the instruction operates to inform the jury that the elements of the offense, including the requisite mental state, are *not* affected by any evidence of intoxication. *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980). In this case, the instruction prevented evidence of Appellant's possible intoxication from altering the jury's understanding of the crime with which he was charged: "intentionally, knowingly, or recklessly" causing "bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a) (Vernon 2003). Moreover, if the court of appeals's interpretation were accurate–that a voluntary-intoxication instruction "relieves the State of its burden of proving all elements of the offense beyond a reasonable doubt"–then, the charge would be internally contradictory because the charge declares the State's burden: "The prosecution has the burden of proving the defendant's guilt and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant." *Sakil*, 2008 Tex. App. LEXIS 4230, at *9.

## IV.     Conclusion

We disagree with the court of appeals's conclusion that there was no evidence of intoxication sufficient to raise an issue under Section 8.04(a). We hold that it was not error to include the voluntary-intoxication instruction in the jury charge, and therefore, we

reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Meyers, J.

Delivered: July 1, 2009

Publish