

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00513-CR

BRENDA GAY KIERNAN                                    APPELLANT
A/K/A BRENDA
HUDSON BRITTAIN

V.

THE STATE OF TEXAS                                         STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.     Introduction

In a single issue, Appellant Brenda Gay Kiernan a/k/a Brenda Hudson Brittain appeals the trial court's judgment convicting her of murdering her mother. We affirm.

------

[1]*See* Tex. R. App. P. 47.4.

## II.  Factual and Procedural Background

Kiernan gave four interviews and a written statement to police on the day she reported her mother's death.  In the second interview, Kiernan confessed that she shot her mother.  Kiernan filed a motion to suppress all of her statements, which the trial court denied, and which denial Kiernan does not appeal.  The trial court filed findings of fact along with its conclusion that Kiernan's statements were voluntary.  During trial, all of Kiernan's statements were admitted into evidence and published to the jury over Kiernan's renewed objections.

At the close of evidence during the guilt-innocence phase of trial, Kiernan submitted to the trial court her request that the jury charge include instructions on the voluntariness of her statements with regard to the influence of alcohol, improper influences, and failure to receive or waive her statutory warnings.  The trial court denied these requests.  The jury found Kiernan guilty as alleged in the indictment and assessed her punishment at life imprisonment, and the trial court entered judgment on the verdict.

## III.  Jury Charge

In our review of error in a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends.  *See Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009).  Kiernan focuses her argument on "[g]eneral involuntariness, under [a]rticle 38.22[,] § 6," complaining that the trial court

2

should have granted her request for the issue of voluntariness to be included in the jury charge during the guilt-innocence phase of trial.

With regard to jury instructions on voluntariness, the court of criminal appeals has explained that "[s]ection 6 *expressly dictates* the content of that instruction to be as follows: 'unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof.'"[2] *Oursbourn v. State*, 259 S.W.3d 159, 175 (Tex. Crim. App. 2008) (emphasis added).

Here, the trial court included the following instruction in the jury charge:

> You are instructed that unless you believe from the evidence beyond a reasonable doubt that the alleged statements introduced into evidence as State's Exhibits Nos. 47, 49, 50 & 51 were freely and voluntarily made by the defendant without compulsion or persuasion,[3] or if you have a reasonable doubt thereof, you shall not consider such alleged statements for any purpose nor any evidence obtained as a result thereof.

This instruction is substantially the same as the one set out in and required by article 38.22, section 6, and Kiernan does not complain about the trial court's inclusion of additional language in the instruction. Further, Kiernan does not

___

[2]*See also* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005) (stating same).

[3]The trial court apparently incorporated language from code of criminal procedure article 38.21, which states, "A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed." Tex. Code Crim. Proc. Ann. art. 38.21 (West 2005).

explain how or why the trial court erred by submitting this instruction instead of the ones she proposed. Because the trial court provided Kiernan with the required instruction under article 38.22, section 6, we overrule her sole issue.

## IV.    Conclusion

Having overruled Kiernan's sole issue, we affirm the trial court's judgment.


PER CURIAM

PANEL:  MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 22, 2011