02-10-513-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NO. 02-10-00513-CR

 

 


 
 
 BRENDA GAY KIERNAN A/K/A
 BRENDA HUDSON BRITTAIN
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.            
Introduction

In a single issue, Appellant Brenda
Gay Kiernan a/k/a Brenda Hudson Brittain appeals the trial court’s judgment
convicting her of murdering her mother. We affirm.

II.          
Factual
and Procedural Background

Kiernan gave four interviews and a
written statement to police on the day she reported her mother’s death.  In the
second interview, Kiernan confessed that she shot her mother.  Kiernan filed a motion to suppress all of her statements, which
the trial court denied, and which denial Kiernan does not appeal.  The trial
court filed findings of fact along with its conclusion that Kiernan’s
statements were voluntary.  During trial, all
of Kiernan’s statements were admitted into evidence and published to the jury over
Kiernan’s renewed objections.

At the close of evidence during the
guilt-innocence phase of trial, Kiernan submitted to the trial court her request that the jury
charge include instructions on the voluntariness of her statements with regard to
the influence of alcohol, improper influences, and failure to receive or waive
her statutory warnings.  The trial court denied these requests.  The jury found
Kiernan guilty as alleged in the indictment and assessed her punishment at life
imprisonment, and the trial court entered judgment on the verdict.

III.         
Jury
Charge

In our review of error in a jury
charge, we first determine whether error occurred; if error did not occur, our
analysis ends.  See Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex.
Crim. App. 1994); see also Sakil v. State, 287 S.W.3d 23, 25B26 (Tex. Crim. App. 2009).  Kiernan
focuses her argument on “[g]eneral involuntariness, under [a]rticle 38.22[,] § 6,”
complaining that the trial court should have granted her request for the issue
of voluntariness to be included in the jury charge during the guilt-innocence
phase of trial.

With regard to jury instructions on voluntariness,
the court of criminal appeals has explained that “[s]ection 6 expressly
dictates the content of that instruction to be as follows:  ‘unless the
jury believes beyond a reasonable doubt that the statement was voluntarily
made, the jury shall not consider such statement for any purpose nor any
evidence obtained as a result thereof.’”[2] 
Oursbourn v. State, 259 S.W.3d 159, 175 (Tex. Crim. App. 2008) (emphasis
added).

          Here, the trial court
included the following instruction in the jury charge: 

You are instructed that unless you believe from the
evidence beyond a reasonable doubt that the alleged statements introduced into
evidence as State’s Exhibits Nos. 47, 49, 50 & 51 were freely and
voluntarily made by the defendant without compulsion or persuasion,[[3]]
or if you have a reasonable doubt thereof, you shall not consider such alleged
statements for any purpose nor any evidence obtained as a result thereof.

 

This instruction is substantially the
same as the one set out in and required by article 38.22, section 6, and
Kiernan does not complain about the trial court’s inclusion of additional
language in the instruction.  Further, Kiernan does not explain how or why the
trial court erred by submitting this instruction instead of the ones she
proposed.  Because the trial court provided Kiernan with the required
instruction under article 38.22, section 6, we overrule her sole issue.

IV.        
Conclusion

Having overruled Kiernan’s sole
issue, we affirm the trial court’s judgment.

 

                                                                             PER
CURIAM

 

PANEL:  MCCOY, WALKER, and MEIER,
JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 22,
2011

 









[1]See
Tex. R. App. P. 47.4.





[2]See
also Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005) (stating same).





[3]The
trial court apparently incorporated language from code of criminal procedure
article 38.21, which states, “A statement of an accused may be used in evidence
against him if it appears that the same was freely and voluntarily made without
compulsion or persuasion, under the rules hereafter prescribed.”  Tex. Code
Crim. Proc. Ann. art. 38.21 (West 2005).