02-10-488-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00488-CR

 

 


 
 
 Robert Jackson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 367th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Robert Jackson of two counts of aggravated robbery and
sentenced him to forty years’ confinement for each count.  In a single point,
Jackson argues that the trial court erred by omitting an article 38.14 accomplice
witness instruction and that he suffered egregious harm.  We will affirm.

          Kelli
Richey lives in Oklahoma and has had two children with Jackson.  On September
18, 2009, Richey, Jackson, Rolando Spratt, and Spratt’s girlfriend, Deyonne,
drove from Oklahoma to Dallas in Richey’s Isuzu Ascender to attend a party.  Not
long after arriving in Dallas, however, Richey and Deyonne headed back to
Oklahoma with the Isuzu in tow because it had broken down, but they soon returned
to Dallas in Richey’s other vehicle, a white Ford Mustang with racing stripes,
to retrieve Jackson and Spratt.

          On
the way back to Oklahoma, the four decided to stop for the night at a Royal Inn
and Suites hotel in Denton.  After Richey checked into the hotel, she and
Jackson went to a nearby Dollar General store to look for a shirt.  Jackson remained
in the vehicle when Richey went inside.  Richey did not find what she was
looking for, and she and Jackson returned to the hotel.

          Soon
thereafter, Jackson told Richey to take him and Spratt to the Dollar General
store.  They arrived around 9:30 p.m., near closing time, and Richey waited in
the Ford Mustang while Jackson and Spratt went inside.  After asking Colby
Nissen, a store employee, about some merchandise, Jackson pulled a gun on Nissen
and told him to take them to the manager’s office, where Janice Foust-Vallon,
the store’s manager, was counting money.  Foust-Vallon opened the door when she
heard a knock, and Jackson entered the office, shoved Foust-Vallon to the
ground, and demanded money, pointing the gun at her.  Foust-Vallon gave Jackson
the cash that was in the office while Spratt detained Nissen on the floor.  Holding
the gun to Foust-Vallon’s ribs, Jackson then escorted her to the front of the
store, where she gave Jackson the money from Nissen’s cash register.  Jackson
and Spratt left the store, and Foust-Vallon called the police.

          Richie,
Jackson, and Spratt returned to the Royal Inn and Suites to pick up Deyonne before
leaving immediately for Oklahoma.  Richie later claimed that she did not know
that Jackson and Spratt had robbed the Dollar General until Jackson said that they
had done so during the drive back to Oklahoma.

          Authorities
investigating the armed robbery learned that Jackson, Richey, Spratt, and Deyonne
had stayed at the Royal Inn and Suites on September 20, 2009, and they
recovered video recordings taken by the hotel’s surveillance cameras.  Investigators
also obtained a surveillance video from the Dollar General store.  Police
eventually arrested Richey, Spratt, and Jackson.  Like Jackson, Richey was indicted
for aggravated robbery, but she testified against Jackson at trial in exchange
for ten years’ deferred adjudication.

          Jackson
argues in his only point that he suffered egregious harm due to the trial
court’s error in failing to include an accomplice witness instruction in the
jury charge at the guilt phase of his trial.

          In
our review of a jury charge, we first determine whether error occurred; if
error did not occur, our analysis ends.  See Abdnor v. State, 871 S.W.2d
726, 731–32 (Tex. Crim. App. 1994); see also Sakil v. State, 287 S.W.3d
23, 25–26 (Tex. Crim. App. 2009).  If error occurred, we then evaluate whether
sufficient harm resulted from the error to require reversal.  Abdnor,
871 S.W.2d at 731–32.

          The
statutory accomplice witness instruction provides that “[a] conviction cannot
be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the
offense.”  Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005).  A witness who is
indicted for the same offense or a lesser-included offense as the accused is an
accomplice as a matter of law.  Smith v. State, 332 S.W.3d 425, 439
(Tex. Crim. App. 2011).  If a prosecution witness is an accomplice as a matter
of law, the trial court is under a duty to instruct the jury accordingly.  Herron
v. State, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002).  Failure to do so is
error.  Id.

          Here,
Richey was indicted for aggravated robbery.  Therefore, she was an accomplice
as a matter of law, and the trial court erred by failing to instruct the jury
accordingly.  The State impliedly concedes this.

          Having
found error in the charge, we must now evaluate whether sufficient harm
resulted from the error to require reversal.  See Abdnor, 871
S.W.2d at 731–32.  An article 38.14 instruction “merely informs the jury that
it cannot use the accomplice witness testimony unless there is also some
non-accomplice evidence connecting the defendant to the offense.”  Herron,
86 S.W.3d at 632.  “Once it is determined that such non-accomplice evidence
exists, the purpose of the instruction is fulfilled . . . . 
Therefore, non-accomplice evidence can render harmless a failure to submit an
accomplice witness instruction by fulfilling the purpose an accomplice witness
instruction is designed to serve.”  Id.

          “In
determining the strength of a particular item of non-accomplice evidence, we
examine (1) its reliability or believability and (2) the strength of
its tendency to connect the defendant to the crime.”  Id.  In addressing
the sufficiency of non-accomplice evidence, the court of criminal appeals also recently
stated,

          When
reviewing the sufficiency of non-accomplice evidence under Article 38.14, we
decide whether the inculpatory evidence tends to connect the accused to the
commission of the offense.  The sufficiency of non-accomplice evidence is
judged according to the particular facts and circumstances of each case.  The
direct or circumstantial non-accomplice evidence is sufficient corroboration if
it shows that rational jurors could have found that it sufficiently tended to
connect the accused to the offense.  So when there are conflicting views of the
evidence—one that tends to connect the accused to the offense and one that does
not—we will defer to the factfinder’s resolution of the evidence.  Therefore,
it is not appropriate for appellate courts to independently construe the
non-accomplice evidence.

Smith,
332 S.W.3d at 442 (footnotes omitted).

          Jackson
concedes that he failed to object to the absence of an accomplice witness
instruction; therefore, he must show that he suffered egregious harm from the
error to obtain reversal.  Herron, 86 S.W.3d at 632.  Under the
egregious harm standard, the omission of an accomplice witness instruction is
generally harmless unless the corroborating (non-accomplice) evidence is “so
unconvincing in fact as to render the State’s overall case for conviction
clearly and significantly less persuasive.”  Id.

          Here,
Foust-Vallon identified Jackson at trial as the person who entered the manager’s
office, pointed the gun at her, and demanded money from her during the
robberies.

          Narinder
Singh testified that he was the manager on duty at the Royal Inn and Suites on
September 20, 2009, and that he observed two men with Richey after she checked
in.  When the State showed Singh several still photographs from the hotel’s
video surveillance, he identified the two men depicted in the photographs as
the same two men who were with Richey at the hotel on September 20, 2009.  One
of the men was wearing a white T-shirt with a cross on it.  Singh testified
that he went to the Dollar General store to view footage of the robberies captured
by the store’s surveillance video and that the two men that he observed in the
video were the same two men that he had seen with Richey at the hotel.

          Clint
McCoy, an investigator with the Denton Police Department, testified that he was
called to the scene after the robberies and that he viewed the surveillance
videos from both the Dollar General and the Royal Inn and Suites.  McCoy opined
that the two men that he saw in the surveillance video from the Dollar General
were the same two men that he saw in the surveillance video from the Royal Inn
and Suites.

          Michael
Behrens, an officer with the Denton Police Department, testified that a white
Ford Mustang with racing stripes was used in the robberies and that police in
Oklahoma confirmed that a white Ford Mustang was located at Richey’s house the
morning after the robberies.  Singh also recalled that Richey and the others
that she was with at the Royal Inn and Suites drove a white Ford Mustang with
stripes.

          When
authorities visited Richey at her house in Oklahoma the day after the robberies,
they seized a pair of black, gold, and white shoes.  Detective Keith Martin of
the Denton Police Department testified that the shoes looked identical to the
shoes worn by one of the suspects in the surveillance video from the Dollar
General.  Detective Martin also testified that he showed Richey photographs of
the two robbery suspects and that she identified the one wearing the T-shirt
with the cross on it as Jackson.

          Accordingly,
affording deference to the jury’s resolution of the factual issues and
considering the reliability of the testimony, we hold that the non-accomplice witness
testimony sufficiently tends to connect Jackson to the aggravated robberies at
the Dollar General.  We cannot conclude that the non-accomplice witness
evidence was “so unconvincing in fact as to render the State’s overall case for
conviction clearly and significantly less persuasive”; therefore, the trial
court’s charge error was harmless.  See Herron, 86 S.W.3d at 632.  We overrule
Jackson’s sole point and affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 2, 2012









[1]See Tex. R. App. P. 47.4.