

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00138-CR

_____

BRYANT ANTHONY MAXIE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Morris County, Texas
Trial Court No. 10,689CR

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Late on the evening of September 15, 2011, twelve-year-old Joseph Peck answered a knock on the door of his family's residence. When Peck opened the door, he encountered Bryant Anthony Maxie, who demanded money. In fear from Maxie's demand, Peck retrieved his life-savings of $60.00 and gave it to Maxie in hopes of appeasing him. A jury found Maxie guilty of robbery. Pursuant to the State's enhancement paragraph, Maxie was sentenced to eighty-five years' imprisonment. Maxie appeals[1] the trial court's judgment, arguing that the trial court erred in submitting the wrong instruction to the jury on the effect of parole law during punishment. Because the submitted instruction was proper, we affirm the trial court's judgment.

Our review of error in this jury charge involves a two-step process. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we determine whether error occurred, and then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731–32.

A trial court must submit a charge setting forth the "law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application to the case." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007).

Tracking the statutory language of Article 37.07, Section 4(b), the trial court's charge on punishment instructed the jury that:

---

[1]Maxie separately appeals another conviction of robbery in our cause number 06-12-00139-CR and a conviction of stalking in our cause number 06-12-00140-CR. We decide those cases through separate opinions issued this date.

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant. Such matters come within the exclusive jurisdiction of the Pardon and Parole Division of the Texas Department of Criminal Justice and the Governor of Texas.

*See* Tex. CODE CRIM. PROC. ANN. art. 37.07, § 4(b) (West Supp. 2012).

The Texas Code of Criminal Procedure "specifically sets out three lengthy, alternative jury charges concerning the parole law; and those are to be chosen based on a very exacting and at least potentially confusing set of conditions." *Stewart v. State*, 293 S.W.3d 853, 855 (Tex. App.—Texarkana 2009, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a)–(c) (West Supp. 2008)). "Depending on the offense of which a defendant has been convicted, whether his . . . sentence is to be enhanced, and whether a deadly-weapon finding has been made

3

. . . , the trial court is to select which one of the three alternatives will be given to the jury." *Id.* at 855–56. Here, Maxie argues that the charge was "based on the wrong statute, Art. 37.07(4)(b), rather than the correct paragraph Art. 37.07(4)(c)."[2]

Maxie is incorrect. The conditions set out by Article 37.07, Section 4(b) are as follows:

> In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense is punishable as a felony of the first degree, if a prior conviction has been alleged for enhancement of punishment as provided by Section 12.42(b), (c)(1) or (2), or (d), Penal Code, or if the offense is a felony not designated as a capital felony or a felony of the first, second, or third degree and the maximum term of imprisonment that may be imposed for the offense is longer than 60 years. . . .

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(b). Robbery under Section 29.02 of the Texas Penal Code is a second degree felony. TEX. PENAL CODE ANN. § 29.02 (West 2011). Maxie's sentence was enhanced by a plea of true to a prior felony conviction under Section 12.42(b) of the Texas Penal Code. TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2012). As such, the offense of robbery was punishable as a first degree offense. *Id.* Thus, Section 4(b) of Article 37.07 applied to Maxie.[3] *See Washington v. State*, 59 S.W.3d 260, 264–67 (Tex. App.—

---

[2]Maxie's brief does not contain any analysis as to why the trial court's submission of the Article 37.07, Section 4(b) instruction was in error.

[3]Conversely, Section 4(c) of Article 37.07 did not apply to Maxie. The conditions set out by that section are as follows:

> In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense is punishable as a felony of the second or third degree, if a prior conviction has been alleged for enhancement as provided by Section 12.42(a), Penal Code, or if the offense is a felony not designated as a capital felony or a felony of the first, second, or third degree and the maximum term of imprisonment that may be imposed for the offense is 60 years or less. . . .

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(c). Maxie's robbery conviction was punishable as a first degree felony due to the plea of true to the Section 12.42(b) enhancement; thus, the robbery in this case was not "punishable as a felony of the second or third degree." *Id.* Also, Section 12.42(a) applies only to trials of third degree felonies.

Texarkana 2001, pet. ref'd) (approving submission of Section 4(b) instruction in trial of second degree felony enhanced to first degree felony by Section 12.42(b) enhancement). The trial court's jury instruction was proper.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 1, 2013
Date Decided:       March 6, 2013

Do Not Publish

5