

IN THE
TENTH COURT OF APPEALS

No. 10-15-00262-CR

WILLIAM COOK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law No. 1
McLennan County, Texas
Trial Court No. 20150155 CR1

MEMORANDUM OPINION

William Cook was convicted of the offense driving while intoxicated and sentenced to 180 days in jail. *See* TEX. PENAL CODE ANN. 49.04 (West 2011). Because the trial court did not err in denying Cook's requested jury instruction on the defense of entrapment, the trial court's judgment is affirmed.

Cook's vehicle had become stranded at an intersection in Waco, Texas. A Waco Police Officer stopped to help Cook move the vehicle. After not being able to move the vehicle forward and out of the intersection, the officer instructed Cook to turn his wheels

the other direction so that the vehicle could move downhill and out of the street. Rather than follow the instructions, Cook started his vehicle and moved forward and to the right about two car lengths before the vehicle stalled again. Cook then poured a liquid out of the vehicle. The officer approach Cook, asked him why he did not follow the officer's instructions and asked if Cook had been drinking. The officer then had Cook put the vehicle in neutral and help push the vehicle out of the street. When the vehicle was moved, the officer noticed a smell of alcohol coming from Cook, had Cook perform several sobriety tests, and arrested Cook for driving while intoxicated.

In two issues, Cook contends the trial court erred in denying Cook's request for an instruction in the jury charge on the defense of entrapment and the error was harmful. Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we analyze that error for harm. *Id*. If there is no error, we need not pursue a harm analysis. *Sakil v. State*, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009). When reviewing a trial court's decision to deny a requested defensive instruction, we view the evidence in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 781 (Tex. Crim. App. 2007).

The Texas Penal Code provides:

It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense.

> Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

TEX. PENAL CODE ANN. § 8.06(a) (West 2011). This statute encompasses a two-part test for entrapment. *England v. State*, 887 S.W.2d 902, 913 & n. 10 (Tex. Crim. App. 1994). An accused who claims entrapment is required to show both that he was actually induced to commit the charged offense by the persuasiveness of the police conduct (a subjective test), and that the conduct that induced him was such as to induce an ordinarily law-abiding person of average resistance to commit the offense (an objective test). *Id*. With respect to the objective test, prohibited police conduct can include pleas based on extreme need, sympathy, pity, or close personal friendship, offers of inordinate sums of money, and other methods of persuasion that are likely to cause the otherwise unwilling person-rather than the ready, willing and anxious person-to commit an offense. *Hernandez v. State*, 161 S.W.3d 491, 497 n.11 (Tex. Crim. App. 2005).

The trial court must give a requested instruction on every defensive issue raised by the evidence without regard to its source or strength, even if the evidence is contradicted or is not credible. *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013); *Juarez v. State*, 308 S.W.3d 398, 404-05 (Tex. Crim. App. 2010). A defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true. *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007).

Although evidence to support a defense may be contradicted, it must be affirmative evidence nonetheless. *See Krajcovic v. State*, 393 S.W.3d 282, 287 (Tex. Crim. App. 2013).

Cook argues that he was induced to drive while intoxicated because the officer asked Cook to move his car three times; once being after the officer suspected Cook of being intoxicated. Even viewing this evidence in the light most favorable to the requested charge, there is no evidence, and Cook does not argue to the contrary, of the officer's persuasiveness that would induce an ordinary law-abiding person of average resistance to commit the offense. The officer had stopped because Cook's vehicle was stalled in an intersection and Cook had flashed his lights at the officer. The officer attempted to help Cook push the car out of the street. It was only when on the second attempt Cook drove forward, contrary to the officer's instructions, and poured a liquid out of the vehicle that the officer asked if Cook had been drinking. Afterwards, the officer instructed Cook to again place the vehicle in neutral and help push the vehicle off the street. There is no evidence of any plea or threat or offer of money or any other means of persuasion used by the officer to induce Cook into committing the offense. There was only evidence of requests for Cook to take particular actions to get the vehicle out of the street. Thus, the officer's requests to Cook to help move the vehicle do not meet the objective test for entrapment. And, even if these acts of operating the vehicle were the acts used by the officer to determine Cook committed the offense, his requests merely afforded Cook with an opportunity to commit the offense and do not constitute entrapment.

Accordingly, the trial court did not err in denying Cook's request for an instruction on the defense of entrapment, and Cook's first issue is overruled.

Cook's second issue is a request for a determination of harm to Cook due to the trial court's denial of Cook's requested charge. Because we have found no error, we need not review this issue. *See Sakil v. State*, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009).

Having overruled the only issue necessary for a disposition of this appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed June 2, 2016
Do not publish
[CR25]

