**Opinion issued July 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00115-CR

———————————

**CLYDE BRIAN BRUTON, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 13CR1854**

---

## MEMORANDUM OPINION

Appellant, Clyde Brian Bruton, Jr., pleaded not guilty to a charge of

possession of cocaine in an amount of 4 grams or more but less than 200 grams,

with intent to deliver.[1]  A jury found Appellant guilty, found an enhancement paragraph true, and assessed Appellant's punishment at 27 years in prison.

In his sole issue on appeal, Appellant contends that the trial court erred when it denied his request for a jury instruction regarding the legality of the evidence. *See* TEX. CODE CRIM. PROC. art. 38.23(a) (Vernon 2005).

We affirm.

## Background

On July 11, 2013, law enforcement officers executed a narcotics search warrant at a house in Texas City.  Because Appellant's car was not parked outside, the officers waited until the Appellant's car arrived before entering the home, approximately 30 minutes later.  While searching the residence, they found both liquid and powdered cocaine inside a clear measuring glass.  To transport the liquid cocaine, an officer retrieved a plastic water bottle from their van, emptied it, and poured the liquid cocaine into it.

Also while searching the house, officers found money and Appellant's identification card in a purse. Detective J. Castro instructed Deputy C. Vernon to remove the money and identification card from the purse to photograph both items.

The State charged Appellant with the offense of possession of cocaine in an amount of 4 grams or more but less than 200 grams, with intent to deliver.  *See*

---

[1]  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.112 (Vernon 2010).

TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.112 (Vernon 2010). Appellant pleaded not guilty, and the case was tried to a jury. At the charge conference, Appellant's trial counsel requested an article 38.23(a) instruction allowing the jury to first consider whether the evidence was obtained legally before weighing the evidence. Appellant's trial counsel suggested Detective Castro's testimony raised fact issues. Specifically, Appellant asserts Detective Castro's testimony raised the following fact issues:

> Whether the search warrant was obtained [il]legally by failing to advise the magistrate of the existence of two individuals having the name of Clyde Brian Bruton;
> Whether the action[s] of . . . Detective Castro and the police officers [were] illegal in their service and/or execution of the search warrant in waiting for the appearance of Appellant at the location named on the search warrant;
> Whether evidence was placed legally in the . . . water bottle; [and]
> Whether the character of the photographic evidence in State's Exhibit 8 was illegally altered by the admitted repositioning of the money and the [identification card].

The court denied the requested instruction, and the jury found Appellant guilty.

## Article 38.23(a) Jury Charge Instruction

In a single issue, Appellant contends that the trial court erred when it denied his request for a jury instruction on whether evidence was obtained illegally. He asserts his counsel's cross-examination of Detective Castro's testimony raised

3

questions to the legality of the search, which warranted an article 38.23(a) instruction.

## A. Standard of Review

We review a challenge to a jury charge using a two-step process. *See Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). First, we must determine whether the jury charge contained an error. *Id.* at 25. If it did, we then evaluate whether the error was harmful so as to constitute reversible error. *Id.* at 25–26.

## B. Analysis

We recently summarized in *Garza v. State*,

> Article 38.23 of the Code of Criminal Procedure provides that evidence obtained in violation of the Constitution or laws of Texas or the United States shall not be admitted in evidence against the accused in a criminal case. TEX. CODE CRIM. PROC. art. 38.23(a). In any case in which "the legal evidence" raises such an issue, "the jury shall be instructed that if it believes, or has a reasonable doubt" that the evidence was illegally obtained, "then and in such event, the jury shall disregard any such evidence so obtained." *Id.* A defendant must meet three requirements before she is entitled to a jury instruction under article 38.23(a): (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. [*Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012)]. . . . To raise a disputed fact necessary for an article 38.23(a) instruction, there must be some affirmative evidence that puts the existence of that fact into question.

474 S.W.3d 825, 828–29 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

In the context of cross-examination, only the witness's answers can create conflicts in the evidence, no matter how vigorous the questions. *Madden v. State*,

4

242 S.W.3d 504, 513–14 (Tex. Crim. App. 2007). If cross-examination raises no factual dispute, then the judge may apply the law to the facts and no article 38.23(a) instruction is necessary. *See id.* at 511, 514 ("The jury decides facts; the judge decides the application of the law to those facts.").

On appeal, Appellant contends four factual disputes were raised by Detective Castro's testimony:

> [(1)] Whether the search warrant was obtained [il]legally by failing to advise the magistrate of the existence of two individuals having the name of Clyde Brian Bruton;
> [(2)] Whether the action[s] of . . . Detective Castro and the police officers [were] illegal in their service and/or execution of the search warrant in waiting for the appearance of Appellant at the location named on the search warrant;
> [(3)] Whether evidence was placed legally in the . . . water bottle; [and]
> [(4)] Whether the character of the photographic evidence in State's Exhibit 8 was illegally altered by the admitted repositioning of the money and the [identification card].

On cross-examination, Detective Castro, the case agent responsible for securing the search warrant, admitted he did not tell the magistrate there was a "Clyde Bruton Jr." and a "Clyde Bruton Sr." Specifically, the following exchange occurred during the cross-examination of Detective Castro by Appellant's trial counsel:

Q:    And so prior to talking to the Judge, you would have known there was a Junior and a Senior?

A:    Yes, sir.

5

Q:     And it's fair to say, is it not, sir, that you didn't tell the Judge there was a Junior and a Senior, did you?

A:     I did not.

Detective Castro also testified that he held back on serving the warrant until he thought Appellant had arrived at home. A person was surveilling the house and informed Detective Castro initially that they did not see Appellant's car. Approximately 30 minutes later, the person informed Detective Castro that Appellant's car had arrived home. Detective Castro's team then searched the house.

As to the water bottle, Detective Castro confirmed either he or Deputy Vernon poured the liquid cocaine from a clear measuring glass into a plastic water bottle to preserve the evidence. Deputy Vernon also testified that she retrieved the sealed water bottle from her van.

Concerning the money and identification card, Detective Castro verified they were not pictured as they were found. He directed Deputy Vernon to remove the money and identification card from the purse before photographing them. Deputy Vernon confirmed that she repositioned both items.

Appellant argues the trial court erred when it failed to provide the article 38.23(a) jury instruction because Detective Castro's testimony called into question

the legality of the search.[2]  Yet, Detective Castro never contradicted himself, but instead provided a clear narrative of what he and his law enforcement officers did and did not do.  Appellant does not dispute *what* the officers did, but the *legal effect* of what the officers did on the search and the evidence obtained.  Because no conflicts of fact existed for the jury to decide, the legal effects of those facts was a question of law for the trial court.  *See Madden*, 242 S.W.3d at 510–11.

Because he did not raise any affirmative evidence of a factual conflict, Appellant was not entitled to a 38.23(a) jury instruction.  *See Garza v. State*, 474 S.W.3d at 831 (citing *Hamal v. State*, 390 S.W.3d at 306).  Accordingly, the trial court did not err in denying his request for the jury instruction.  We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[2]    While *Madden v. State* provides examples of contradictory testimony from other witnesses that create fact conflicts, Appellant does not provide such evidence.  242 S.W.3d 504, 513–14 (Tex. Crim. App. 2007).