**Opinion filed November 21, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00282-CR

_____

## EZEQUIEL ALVAREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 26240A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Ezequiel Alvarez, of the offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2019). Appellant pleaded true to an enhancement allegation, and the trial court assessed his punishment at confinement for a term of thirty-five years. In his single issue on appeal, Appellant contends that the trial court erred by refusing to charge the jury on defense of a third person. We affirm.

*Background Facts*

On December 28, 2014, Appellant, along with Esequiel Munoz and two women, drove to the home of Ernest Gonzales following an argument over the phone. According to Ernest and his son, Victor Gonzales, once Appellant arrived at the house, Appellant immediately exited the vehicle wielding a gun. Victor yelled for the children to get inside the house.

Victor testified that he and Ernest pleaded for Appellant and Munoz to leave but that Appellant began firing "warning shots" at the ground and telling Ernest and Victor to back away.[1] Appellant then fired an additional shot into the ground, which struck Ernest in his foot. Ernest testified that, at that point, Ernest chased after Appellant, trying to disarm him. Victor testified that he tried to stop his dad and Appellant "from getting into it."

During the ensuing scuffle, Appellant's foot was injured. According to Appellant, he was unable to continue fighting, and he "blindly" fired two shots behind him as he attempted to get in his vehicle. One of the two shots struck Ernest in the stomach. The other shot struck Victor in the right side of his chest. Then, as police officers began to arrive at the scene, Appellant fled in his vehicle.

Ultimately, Appellant was apprehended and indicted for the aggravated assault of Victor. At the conclusion of his trial, Appellant was convicted and sentenced to confinement for a term of thirty-five years. This appeal followed.

*Jury Charge Error*

In Appellant's sole issue, he contends that the trial court erred by refusing to submit to the jury the requested charge on defense of a third person. A review of alleged jury-charge error involves a two-step analysis. *Ngo v. State*, 175 S.W.3d

---

[1]According to Appellant, he fired the warning shots to protect Munoz because "they were trying to jump [Munoz]."

738, 743–44 (Tex. Crim. App. 2005); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). First, we must determine whether the charge contains any actual error; second, if there is actual error, we must determine whether the error resulted in sufficient harm to require reversal. *Ngo*, 175 S.W.3d at 743–44; *Abdnor*, 871 S.W.2d at 731–32. If the defendant preserved the error by timely objecting to the charge, an appellate court will reverse so long as the defendant demonstrates that he suffered some harm. *Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009).

> In this case, Appellant made the following timely objection to the charge:

> > Yes, Your Honor. I would like to add the defense of third party instruction, specifically Mr. Munoz. And if I could, what I would do is direct your attention to a slide that's actually in evidence, except it's got graphics on there of where I think people were based on the testimony, or where they could have been. And I believe the testimony is that Esequiel Munoz is somewhere around here (indicating) and that Mr. Alvarez is moving in this general direction (indicating). And I believe that if there is evidence that Victor Gonzales is threatening or causing serious bodily injury or about to cause serious bodily injury to Esequiel Munoz, then Mr. Alvarez has the right to use deadly force to shoot Victor Gonzales to protect Esequiel Munoz.

Accordingly, any potential error must be reversed upon a showing by Appellant that he has suffered some harm. *Sakil*, 287 S.W.3d at 25–26.

A trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial court must give a requested instruction on "every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief." *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). If there is some evidence on each element of the defense that, if believed by the jury, would support a rational inference that each element is true, then the defense

has been raised. *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007). By contrast, a trial court is under no obligation to provide an instruction in a jury charge on matters not raised by the evidence. *See Harris v. State*, 645 S.W.2d 447, 456 (Tex. Crim. App. 1983).

*Defense of Third Person*

Appellant asserts that he was entitled to the jury charge on defense of a third person based on the following testimony from trial:

> Q. Okay. What's the next thing that happens?
>
> A. They started getting around Munoz, and so I pulled out the gun. I pulled out the gun and I fired to the ground and I told them to back up from Munoz.
>
> Q. Okay. Why?
>
> A. Because it looked like they were trying to jump him.
>
> Q. Well, you were perfectly happy to let the girls fight and not intervene. Is that correct?
>
> A. Yes, sir, that's why I was --
>
> Q. You were -- okay. So if you were okay with that, why weren't you okay with letting Munoz fight and not intervening?
>
> A. Um, if it was a one-on-one deal, I would have let -- I would have left it alone. But two or three on one, I felt like I had to get to help him, protect him.

Appellant argues that this testimony sufficiently raised the issue of whether he was acting in defense of a third person. We disagree.

According to Section 9.33 of the Texas Penal Code:

> A person is justified in using force or deadly force against another to protect a third person if:
>
>> (1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force or deadly force to

4

protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

PENAL § 9.33. Section 9.32(a) further provides:

A person is justified in using deadly force against another:

(1) if the actor would be justified in using force against the other under Section 9.31; and

(2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:

(A) to protect the actor against the other's use or attempted use of unlawful deadly force; or

(B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

PENAL § 9.32(a).

Based on the statutory language, defense of a third person requires more than simply defending a third person: "One requirement for the defense of third persons is that the defendant believe his action is *immediately* necessary to protect the third person." *Nance v. State*, 807 S.W.2d 855, 863 (Tex. App.—Corpus Christi 1991, pet. ref'd). Force that is "immediately necessary" to protect another from a person's use of unlawful force is force that is needed at that moment. *Henley v. State*, 493 S.W.3d 77, 89–90 (Tex. Crim. App. 2016). Accordingly, even if Appellant's testimony is taken as true, defense of a third person is not raised.

During the testimony in question, Appellant states that he fired the initial shots for the purpose of protecting Munoz. Even so, the shooting of Ernest in the stomach

and Victor in the chest did not occur at that point; the initial shots were fired into the ground. According to Appellant, after he fired the initial shots into the ground, he fired another shot into the ground, which he says accidentally struck Ernest in the foot. It was not until after Ernest and Victor approached Appellant to take his gun that Appellant shot Ernest in the stomach and Victor in the chest. In fact, according to Appellant, when he shot Ernest in the stomach and Victor in the chest, he did so "blindly" while trying to get into his vehicle. Appellant testified that he fired those two shots "when they started coming toward [Appellant]" again. We note that the jury charge included an instruction on the law of self-defense. Given the gap in time and circumstances, it is difficult to see how Appellant's testimony raised the issue of whether his blindly firing a gun at his own attackers was immediately necessary to protect Munoz. Moreover, no evidence or testimony from any other witness suggests that Appellant shot Victor to protect Munoz. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE

November 21, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.