ACCEPTED
03-14-00138-CR
5970248
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/7/2015 5:29:31 PM
JEFFREY D. KYLE
CLERK

**NO. 03-14-00138-CR**

**IN THE**

**COURT OF APPEALS**

**OF THE**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/7/2015 5:29:31 PM
JEFFREY D. KYLE
Clerk

**THIRD JUDICIAL DISTRICT OF TEXAS**
--------------------

**LARRY DEWAYNE GARRETT**
                    **Appellant**

**vs.**

**STATE OF TEXAS,**
                    **Appellee**
--------------------
**Appeal from Cause No.  2C1307176**
**Bell County Court-at-Law No. Two**
--------------------
**BRIEF FOR THE STATE**
--------------------

**JAMES NICHOLS**
**BELL COUNTY ATTORNEY**


**Stephen Morris**
**Assist. County Attorney**
**P.O. Box 1127**
**Belton, Texas 76513**
**Tel: (254) 933-5135**
**Fax: (254) 933-5150**
**SBN: 14501700**


**ATTORNEYS FOR THE STATE**


*[Oral argument not requested]*

**NO. 03-14-00138-CR**

**IN THE**

**COURT OF APPEALS**

**OF THE**

**THIRD JUDICIAL DISTRICT OF TEXAS**
--------------------

**LARRY DEWAYNE GARRETT,**
**Appellant**
**vs.**

**STATE OF TEXAS,**
**Appellee**
--------------------
**Appeal from Cause No. 2C1307176**
**Bell County Court-at-Law No. Two**
--------------------

**BRIEF FOR THE STATE**

--------------------

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Comes now the STATE OF TEXAS, Respondent, hereinafter referred to as the state, and submits this brief, pursuant to the Texas Rules of Appellate Procedure, requesting that the relief prayed for by Appellant be in all things denied.

**ORAL ARGUMENT IS WAIVED**

# IDENTITY OF PARTIES AND COUNSEL

Appellant. . . . . . . . . . . . . . . . . . . . . .. . .. . . .. . .. . . . . . . **Larry Dewayne Garrett**

Appellant's Appellate Counsel. . . . . . . . . . . . . . . . . . . . . . **Bobby Dale Barina**
Attorney at Law
455 East Central Texas Expressway , Suite #104
Harker Heights, Texas 76548
(254) 699-3755


Trial Counsel for the State. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .**Mark Currier**
Assistant Bell County Attorney
P.O. Box 1127
Belton, Texas 76513

Appellate Counsel for the State. . . . . . . . . . . . . . . . . . . . . . . . . .**Stephen Morris**
Assistant Bell County Attorney
P.O. Box 1127
Belton, Texas 76513

Trial Judge. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .**Hon. John Mischtian**
Judge, Bell County Court-at-Law No. Two
P.O. Box 485
Bell County Justice Complex
1201Huey
Belton, Texas 76513-0781

**TABLE OF CONTENTS**

*Page*

State's request that the relief prayed
for by appellant be in all things denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

Waiver of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .....iii

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. iv

Table of Contents. . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . ...v

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi


**APPELLANT'S ISSUE NUMBER ONE**. .. . . . . . . . . . . . . . . . . . . . . . . . .1

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# INDEX OF AUTHORITIES

**STATE CASES**                                                                  **Page**

*Almanza v. State*, 686 S.W. 2d 157, 171 (Tex. Crim. App. 1984). . . . . . . . . . . . . 3

*Barrios v. State*, 283 S.W. 3d 348, 350 (Tex. Crim App. 2009) . . . . . . . . . . . . . . .3

*Barshaw v. State*, 342 S.W.3d 91, 93-94 (Tex. Crim. App. 2011). . . . . . . . . . . . . .4

*Martin v. State*, 335 S.W. 3d 867 (Tex. App. Austin 2011). . . . . . . . . . . . . . . . . .3

*Motilla v. State*, 78 S.W.2d 352, 353-54 (Tex. Crim. App. 2002). . . . . . . . . . . . . 4

*Ngo v. State*, 175 S.W. 3d 738, 743 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . .3

*Price v. State*, 457 S.W. 3d 437, 440 (Tex. Crim. App. 2015). . . . . . . . . . . . . . . .2

*Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). . . . . . . . . . . . . . .3

*Sakil v. State*, 287 S.W.3d 23 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . .3

*Taylor v. State*, 332 S.W. 3d 483 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . .3

*Warner v. State*, 245 S.W. 3d 458 (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . .2

**STATUTES**

Tex. Code Crim. Pro. Art.17.292 and Chapter 7A . . . . . . . . . . . . . . . . . . .. . . . . .1

Tex. Code Crim. Pro. Chap. 7 A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

Tex. Fam. Code Chap. 85 and Sec. 6.504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Tex. Fam. Code Chap. 88. . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . .1

Tex. R. App. Proc . 44.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . .4

# POINT OF ERROR

**The Evidence Was Insufficient To Support Appellant's Conviction Because The State Failed To Establish Under What Statute The Protective Order Appellant Violated Was Issued.**

## ARGUMENT AND AUTHORITIES AS TO POINT OF ERROR

The trial testimony of defendant's wife, Marina Garrett, established that she had obtained a protective order from the 264th Judicial District Court, which ordered appellant not to go within a thousand feet of her residence. Ms. Garrett identified the defendant as her ex-husband who was present in the courtroom. During the testimony of Ms. Garrett, the state introduced into evidence, a certified copy of the protective order as State's Exhibit No. 1. ( R.R. Vol. 3, p. 16-17 )

The amended information that was presented to the jury at trial states among other things, that appellant did there and then intentionally and knowingly go to and within a thousand feet of the residence of Marina Garrett at 1308 S. 13th St. Temple, Bell County, Texas 76504. Such act was in violation of an order issued under Section 6.504 and Chapter 85 Family Code and under Article 17.292 and Chapter 7A of the Code of Criminal Procedures and by another Jurisdiction as provided by Chapter 88, Family Code, in the 264th Judicial District Court. (C.R. Vol.1 p. 8), (C.R. Vol. 3, p. 5,6).

1

The court's charge to the jury recites the following:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 10th day of September, 2013, in Bell County, Texas, the defendant, Larry Garrett, did then and there intentionally or knowingly go to or within a thousand feet of the residence of Marina Garrett at 1308 S. 13th Street, Bell County, Texas 76504, who was then and there a protected individual or a member of the family or household of the defendant, and such act was in violation of a court order issued under Section 6.504 or Chapter 85 of the Family Code in the 264th Judicial District Court, then you will find the defendant guilty of a misdemeanor as charged in the information. But, unless you so find beyond a reasonable doubt, or you have a reasonable doubt thereof, you will find the defendant not guilty.

(C.R. Vol. 1, p. 18)

At the close of the evidence defense counsel, after reviewing the court's proposed charge, announced to the court that the defense had no additions or corrections to the court's charge on guilt or innocense. (R.R. Vol. 4, p.66)

Failure to preserve jury instruction error is not a bar to appellate review. The degree of harm required for reversal depends on whether the error was preserved in the trial court. *Warner v. State*, 245 S.W. 3d 458 (Tex. Crim. App. 2008). If the error was not preserved by objection, the error will not result in reversal of the conviction without a showing of egregious harm. *Price v. State*, 457 S.W. 3d 437, 440 (Tex. Crim. App. 2015).

Egregious harm is a "high and difficult standard" to meet, and such a

2

determination must be "borne out by the trial record." *Reeves v. State*, 420 S.W.3d3 812, 816 (Tex. Crim. App. 2013). To determine if charge error was egregiously harmful, the Court of Appeals examines the record as a whole, including the remainder of the charge, the evidence, including the contested issues and weight of the probative evidence, and the arguments of counsel. *Martin v. State*, 335 S.W. 3d 867 (Tex. App. Austin 2011); *Taylor v. State*, 332 S.W. 3d 483 (Tex. Crim. App. 2011).

Because appellant did not raise a timely objection to the jury instructions, reversal is required only if the error was fundamental in the sense that it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial. *Almanza v. State*, 686 S.W. 2d 157, 171 (Tex. Crim. App. 1984), *Ngo v. State*, 175 S.W. 3d 738, 743 (Tex. Crim. App. 2005); See also *Barrios v. State*, 283 S.W. 3d 348, 350 (Tex. Crim App. 2009). If no proper objection was made at trial the accused must claim that the error was "fundamental." *Sakil v. State*, 287 S.W.3d 23 (Tex. Crim. App. 2009).

"In the harm analysis under Rule 44.2(b), is an appellate court required to disregard overwhelming evidence of the defendant's guilt? The answer is No. We reaffirm our previous holdings that an appellate court can and should consider overwhelming evidence of guilt in a harm analysis." *Motilla v. State*, 78 S.W.3d 352,

353-54 (Tex. Crim. App. 2002)

On appellate review, and pursuant to [TRAP] 44.2(b), a non-constitutional error must be disregarded it unless it affects the defendant's substantial rights. This court will not overturn a criminal conviction for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or influenced the jury only slightly. *Barshaw v. State*, 342 S.W.3d 91, 93-94 (Tex. Crim. App. 2011)

## PRAYER

The STATE OF TEXAS prays this Honorable Court affirm the findings and judgment rendered by the trial court and deny all relief sought by Appellant.

Respectfully submitted,

/S/ Stephen Morris
Stephen Morris
Assistant Bell County Attorney
P.O. Box 1127
Belton, Texas 76513
Tel: (254) 933-5135
Fax: (254) 933-5150
SBN: 14501700

ATTORNEY FOR THE STATE

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief for the State was this date forwarded in the manner required by the Texas Rules of Appellate Procedure to Mr. Bobby Dale Barina, Attorney for Appellant, 455 East Central Texas Expwy Ste. 104, Harker Heights, Texas 76548

**Signed:** July 7, 2015

/S/ Stephen Morris

Stephen Morris
Assistant County Attorney

## TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the STATE OF TEXAS, Respondent, hereinafter referred to as the state, and submits this brief, pursuant to the Texas Rules of Appellate Procedure, requesting that the relief prayed for by Appellant be in all things denied.

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4, Rules of Appellate Procedure, I certify that the foregoing brief for the State contains 1,494 words.

/S/ Stephen Morris

Stephen Morris
Assistant County Attorney